**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT J. IANUALE and PHILIP J. IANUALE, <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF KEYPORT, KEYPORT POLICE DEPARTMENT, CHIEF OF POLICE GEORGE CASALETTO, *in his personal, individual, and official capacities*, SERGEANT MICHAEL A. FERM, *in his personal, individual, and official capacities*, PATROLMAN KEVIN BENNETT, *in his personal, individual, and official capacities*, PATROLMAN GREGORY JOHNSON, *in his personal, individual, and official capacities*, JOHN DOE KEYPORT POLICE OFFICERS 1-25 {fictitious employees of the Keyport Police Department}, *in their personal, individual, and official capacities*, <br><br> Defendants. | Civil Action No. 16-9147 (FLW)(LHG) <br><br> **OPINION** |

**WOLFSON, United States District Judge**:

Before the Court are the cross motions of Plaintiffs Robert J. Ianuale and Philip J. Ianuale ("Plaintiffs"), *pro se*, for default judgment against Defendants Borough of Keyport, Keyport Police Department, Chief of Police George Casaletto, and Sergeant Michael A. Ferm ("Defendants"), and of Defendants to vacate the entry of default and permit the filing of responsive pleadings. Because the Court finds good cause exists to vacate the defaults entered against Defendants, Defendants' cross motions to vacate default are granted, and Plaintiffs' motion for default judgment is denied.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiffs filed the Complaint in this action on December 13, 2016, seeking punitive and compensatory damages for alleged violations of Plaintiffs' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and for various violations of New Jersey state law. The Complaint raises fifteen counts:

Count I, for wrongful arrest and malicious prosecution, raised against Defendants Michael A. Ferm, Kevin Bennett, and Gregory Johnson;

Count II, for false arrest and false imprisonment under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, raised against all Defendants;

Count III, for failure to intervene or intercede, pursuant to § 1983, raised against Defendants Ferm, Bennett, and Johnson;

Count IV, for malicious prosecution, raised against all Defendants;

Count V, for failure to train, under a theory of supervisory liability pursuant to § 1983, raised against Defendants Keyport, Keyport Police Department, and Casaletto;

Count VI, for failure to train, under a theory of municipal liability pursuant to § 1983, raised against Defendants Keyport, Keyport Police Department, and Casaletto;

Count VII, for unlawful seizure and deprivation of liberty under the New Jersey Civil Rights Act ("NJCRA"), raised against Defendants Ferm, Bennett, and Johnson;

Count VIII, for deprivation of rights under the NJCRA, raised against all Defendants;

Count IX, for intentional infliction of emotional distress, raised against Defendants Ferm, Bennett, and Johnson;

Count X, for assault and battery, raised against Defendants Bennett and Keyport;

Count XI, for malicious prosecution, raised against Defendants Bennett and Keyport;

Count XII, for assault and battery, raised against Defendants Ferm and Keyport;

Count XIII, for civil conspiracy, raised against all Defendants;

Count XIV, for negligent hiring and training, raised against Defendants Keyport and Keyport Police Department;

Count XV, for invasion of privacy, raised against all Defendants;

Count XVI, for abuse of process, raised against all Defendants; and

Count XVII, for violation of Plaintiffs' due process rights, pursuant to § 1983, raised against all Defendants;

Defendants were served with the Complaint on January 4, 2017. Defendants' answers or other responsive pleadings were due on January 25, 2017. Defendants Keyport, Keyport Police Department, Casaletto, and Kerm did not respond to the Complaint by January 25. The Clerk entered default against Defendants on January 27, 2017. Plaintiffs moved for entry of default judgment against Defendants Keyport, Keyport Police Department, Casaletto, and Kerm later the same day.

John L. Bonello, Esq., was assigned the representation of Defendants Keyport, Keyport Police Department, and Casaletto by Defendants' insurance carrier on January 20, 2017. Mr. Bonello was on a family vacation in Mexico at the time of his assignment and did not review a copy of the Complaint until January 30, 2017, upon his return to the United States.

Patricia B. Adams, Esq., was assigned to the representation of Defendant Kerm by Defendants' insurance carrier on January 27, 2017, on which date Ms. Adams also became aware that default had already been entered against her client. Ms. Adams, by letter dated January 30, 2017, promptly requested proof of service and Plaintiffs' consent to an order vacating default. Plaintiffs did not respond to Ms. Adams request.

Defendants Keyport, Keyport Police Department, and Casaletto, opposed Plaintiffs' motion for default judgment and cross moved to vacate default on February 13, 2017. Defendant Kerm opposed Plaintiffs' motion and cross moved to vacate default on February 16, 2017.

II. STANDARD OF REVIEW

"A judgment setting aside the entry of default is within a district court's discretion, and may only be made 'for good cause.'" *Doe v. Hesketh*, 828 F.3d 159, 174–75 (3d Cir. 2016) (quoting Fed. R. Civ. P. 55(c)). "In exercising that discretion and determining whether 'good

cause' exists, [the Third Circuit] ha[s] instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.'" *Hesketh*, 828 F.3d at 175 (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). "This discretion is not without limits, however, and [the Third Circuit] ha[s] repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). *See also $55,518.05 in U.S. Currency*, 728 F.2d at 194–95 ("this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.") (quotation omitted).

III. ANALYSIS

In this case it is manifest that default against all cross-moving Defendants should be vacated. All three factors of the Court's discretionary analysis weigh in favor of a finding of good cause to vacate default.

A. Meritorious Defense

In evaluating the present motions to vacate default, "[t]he threshold question . . . is whether [defendant] has established a meritorious defense. . . . The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The defendant must "set forth with some specificity the grounds for his defense," so the court may determine its substantive merit. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).

1. Keyport, Keyport Police Department, and Casaletto

Defendants Keyport, Keyport Police Department, and Casaletto have presented meritorious defenses to all of Plaintiffs' claims. Defendants contend that in Counts II, III, V, and VI, Plaintiffs impermissibly seek to hold Defendants Keyport, Keyport Police Department, and Casaletto vicariously liable for the conduct of individual officers and/or have failed to meet the standards of pleading and proof for municipal or supervisory liability set forth by the Supreme Court in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Defendants argue that Plaintiffs' inability to satisfy the *Monell* standard forecloses Plaintiffs' claims in Counts II, III, V, and VI as a matter of law. Defendants further argue that Plaintiffs have failed to plead and cannot prove municipal or supervisory liability under the NJCRA in Counts VII and VIII. Further, Defendants contend that Counts IV, IX, X, XI, XII, XIII, XIV, XV, and XVI are state law claims subject to the New Jersey Tort Claims Act ("NJTCA"). Defendants argue that they are entitled to NJTCA immunity from Counts IV, X, XI, XII, XV, and XVI, and factually dispute Counts IX, X, XI, XII, XV, XVI, XIII, and XIV. Finally, Count I is not raised against Defendant Keyport, Defendant Keyport Police Department, or Defendant Casaletto.

2. Sergeant Kerm

Sergeant Kerm has raised meritorious defenses to Plaintiffs' claims. Sergeant Kerm claims that he is entitled to qualified immunity from Plaintiffs' federal constitutional claims (Counts II, IV, and XVII) and state NJCRA claims (Counts VII and VIII). Sergeant Kerm claims that he is entitled to NJTCA immunity from Plaintiffs' NJ state law claims for malicious prosecution (Counts I and IV), assault and battery (Count XII), negligence (Count XIV), invasion of privacy (Count XV), and abuse of process (Count XVI). Defendant Kerm further argues that, as pleaded, Counts III (failure to intervene), V (failure to train), VI (unlawful policy

5

or custom), XIV (negligence), and XVII (due process violations) concern alleged inadequacies in training and supervision which are not properly raised against Defendant Kerm as an individual police officer. Defendant Kerm is not clear in briefing whether Count IX (intentional infliction of emotional distress) fails on immunity grounds or factual grounds, but asserts that he has raised defenses to all of Plaintiff's state law tort claims. At this stage, Sergeant Kerm's claims of immunity, coupled with general factual denials are sufficient to present a defense to Count IX. Sergeant Kerm contends that Count XIII for civil conspiracy fails to state a claim as inadequately pleaded. Finally, Counts X and XI are not raised against Sergeant Kerm.

3. Plaintiffs' Response

Plaintiffs respond that Defendants have failed to allege their defenses with the requisite specificity. I disagree. Defendants' claims of entitlement to various forms of immunity state the critical facts, which, taken together with Plaintiffs' own allegations and once supported with appropriate affidavits and exhibits, would be sufficient for legal resolution of Defendants' defenses. Defendants' arguments factually disputing Plaintiffs' claims do, in some cases, take the form of simple denials. The Court nevertheless finds these defenses sufficiently alleged because, in the absence of more specific allegations in Plaintiffs' Complaint, Defendants cannot be expected to identify more specific responsive facts. For example, Plaintiffs' claims for failure to train do not identify specific deficiencies in any training program to which Defendants might have responded. The cross-moving Defendants, therefore, have raised meritorious defenses to Plaintiffs' claims on immunity and factual grounds with the requisite specificity.

B. Prejudice

The Court next looks to whether any evidence has been introduced to "support a claim of prejudice justifying denial of relief" from the defaults. *Feliciano v. Reliant Tooling Co.*, 691 F.2d

653, 657 (3d Cir. 1982). For the Court to deny relief from the defaults something must "suggest[] that [Plaintiff's] ability to pursue [his] claim has been hindered since the entry of the default," for example assertions that Plaintiff has suffered "loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon the default. *Ibid*.

Here, Defendants were required to file an answer or other responsive pleading to the Complaint on or before January 25, 2017. Defendants Keyport, Keyport Police Department, and George Casaletto appeared in the case and moved to vacate default less than three weeks later on February 13, 2017. Defendant Michael firm entered an appearance and moved to vacate default just a few days later on February 16, 2017. Plaintiffs' Complaint, construed in the light most favorable to Plaintiffs, alleges a pattern of conduct by Defendants spanning from November 30, 2013 to May 15, 2015 — with an alleged continuing violation thereafter in the form of Plaintiffs' denial of a speedy trial. This action was not filed until December 13, 2016. Defendants' approximately three-week delays in responding to the Complaint cannot have prejudiced Plaintiffs' prosecution of claims that were already over a year old, and in some cases several years old at the time the Complaint was filed. The Court also finds that Plaintiffs have alleged no lost evidence, increased potential for fraud or collusion, or substantial detrimental reliance by Plaintiffs on the default during the three week period at issue, nor would such allegations be credible given the short duration of the period.

Plaintiffs' arguments in briefing concerning prejudice are based on acts allegedly undertaken by Defendants during the more than two-year duration of the criminal proceedings against Plaintiffs. Plaintiffs argue that, in light of Defendants' past conduct, no additional delay of any length should be permitted by this Court. The question before this Court on the present cross motions to vacate default, however, is not whether Plaintiffs were injured by Defendants'

alleged past conduct — going to the merits of Plaintiffs' claims — but whether the three-week delays in responding to Plaintiffs' present civil Complaint gave rise to any prejudice to Plaintiffs. On the basis of the submissions before it, this Court concludes that they did not. Accordingly, the Court finds that Plaintiff will not be prejudiced by the setting aside of the defaults.

    C. Culpable Conduct

The standard for "culpable conduct" in the Third Circuit requires evidence of "willfulness" or "bad faith" on the part of the non-responding defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "[T]he words 'willfulness' and "bad faith' are not talismanic incantations which alone resolve the issue" but rather "are simply terms to guide the district court by expressing [the Third Circuit's] preference for avoiding default judgments where the circumstances do not justify such a result." *Id.* at 1182-183. "Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated. Certainly 'willfulness' and 'bad faith' include acts intentionally designed to avoid compliance with court notices. The case law, however, is bereft of precedent limiting the availability of default judgment to this narrow band of 'knowing' disregard for court-mandated procedures. Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id.* at 1183.

The delay in Defendants Keyport, Keyport Police Department, and Casaletto's appearance in this action was caused by an approximately sixteen-day delay by Defendants' insurance carrier in assigning this matter to counsel and a subsequent five-day delay by counsel in reviewing the case file due to a family vacation abroad. Counsel for Defendants Keyport,

8

Keyport Police Department, and Casaletto received the Complaint on January 20, just five days before Defendants' answer was due and just one week before the entry of default.

The delay in Defendant Kerm's appearance in this action was caused by a twenty-three day delay by Defendants' insurance carrier in assigning this case to counsel. Defendant Kerm's counsel received the Complaint on January 27, 2017, two days after Defendant's answer was due and later the same day that default was entered. In short, counsel for Defendant Kerm was not properly assigned Defendant Kerm's representation until *after* default had been entered.

Plaintiffs' arguments concerning culpable conduct are coextensive with their arguments for the existence of prejudice, and concern alleged injuries to Plaintiffs from Defendants' alleged prior conduct, not the brief, three-week delays in responding to the Plaintiffs' civil Complaint. Administrative delay by Defendants' insurance carrier and a five-day delay by Defendant Kerm's counsel due to a family vacation may indicate a certain lack of diligence, particularly on the part of the insurance carrier, in timely responding to Plaintiffs' *pro se* pleadings, but clearly do not rise above the threshold of mere negligence necessary to show willfulness or bad faith on the part of Defendants here. *Hritz*, 732 F.2d at 1183. Nothing suggests that the delays in this matter were intentional, reckless, or even knowing. To the contrary, counsel for all cross-moving Defendants promptly moved to vacate default upon discovery of the delay, and, in the case of Defendant Kerm's counsel, attempted to remedy the default within days of notification. The Court also notes that some reasonable time after the notification of counsel was clearly necessary in which to prepare an answer or other responsive pleading to Plaintiffs' thirty-eight-page, *pro se* Complaint, alleging seventeen distinct causes of action. The Court therefore finds that Defendants' conduct was not sufficiently culpable to prevent the setting aside of default in this matter.

D. Motion for Default Judgment

Because vacating the defaults entered against Defendants is appropriate in this case, Plaintiff's motion for default judgment is denied for the same reasons stated above. In briefing, Plaintiffs also request that, should their motion for default judgment be denied, this Court dismiss with prejudice the criminal charges against Plaintiffs and expunge their criminal convictions in order to allow them to pursue their civil claims here as *pro se* litigants. This Court lacks the authority, in the present action, to grant such relief, and no relief is warranted given the circumstances described above.

IV. CONCLUSION

For the foregoing reasons, Defendants' cross motions to vacate default are granted, and Plaintiff's motion for default judgment is denied.

Dated:      8/16/2017              /s/ Freda L. Wolfson
                                                                         The Honorable Freda L. Wolfson
                                                                           United States District Judge